UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DANNY L. SLAVEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:13-CV-002 JD |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Danny L. Slaven, a *pro se* prisoner, filed an amended habeas corpus petition under 28 U.S.C. § 2254 challenging his 2001 drug conviction in Delaware County. [ECF No. 5.] The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. For the reasons stated below, the petition is dismissed as untimely.

Following a jury trial, Slaven was convicted of delivering cocaine within 1,000 feet of a school, maintaining a common nuisance, and other drug offenses. [ECF No. 5 at 1.] On October 25, 2001, he was sentenced to an aggregate term of 55 years in prison. [*Id.*] He appealed, and on December 12, 2002, the Indiana Court of Appeals affirmed. *Slaven v. State*, No. 18A02-0112-CR-841 (Ind. Ct. App. order dated Dec. 12, 2002). His petition to transfer was denied on February 4, 2003, and he did not seek review in the U.S. Supreme Court. [ECF No. 5 at 1.]

On February 6, 2004, Slaven filed a post-conviction petition in state court. [ECF No. 5 at 2.] The petition was denied, and the Indiana Court of Appeals affirmed. *Slaven v. State*, No. 18A02-1101-PC-116 (Ind. Ct. App. order dated Oct. 19, 2011). The Indiana Supreme Court denied transfer on December 21, 2011. [ECF No. 5 at 2.]

On December 21, 2012, Slaven tendered a federal petition to prison officials for mailing. [ECF No. 1 at 6.] The petition was stricken due to numerous deficiencies. [ECF No. 4.] Thereafter, he filed his amended petition raising three claims: (1) his double jeopardy rights were violated when he was prosecuted by the state for drug offenses after being subjected to a forfeiture proceeding by the federal Drug Enforcement Administration; (2) his trial counsel was deficient in failing to pursue "defense strategies that Slaven suggested"; and (3) his appellate counsel was ineffective in failing to raise certain issues that Slaven wanted him to raise. [ECF No. 5 at 3-6.]

Slaven's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Slaven's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. The Indiana Supreme Court denied transfer on February 4, 2003 [ECF No. 5 at 1], and Slaven's conviction became final when the time for seeking review in the U.S. Supreme Court expired 90 days later. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (if petitioner did not file petition for *certiorari*, conviction becomes final and one-year statute of limitations begins running when the time for seeking review in the U.S. Supreme Court expires). Absent any period of tolling, he had one year from that date—or until May 5, 2004—to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). Slaven filed his state post-conviction petition in February 2004, which tolled the limitations period under 28 U.S.C § 2244(d)(2); however, by that time approximately 9 month had already elapsed on the federal clock. The post-conviction proceedings came to a conclusion in December 2011 when the Indiana Supreme Court denied transfer [ECF No. 5 at 2], and the federal clock began running again. At that point Slaven had approximately three months remaining to seek federal habeas relief, but instead he waited an entire year, until December 2012, to file his federal petition. Therefore, the petition was filed several months too late.

Slaven does not raise any basis for excusing the untimeliness of his petition, and instead he appears to believe his petition was timely filed. In response to Question 16, where the petitioner is asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Slaven states: "Slaven has not exceeded the one [year] time period therefore is within the time limit set by

statute." [ECF No. 5 at 7]. Although unclear, it appears he is under the assumption that he had one year from the date the post-conviction proceedings concluded to seek federal habeas relief. This is incorrect. The one-year limitations period began running when his conviction became final in 2003. 28 U.S.C. § 2244(d)(1)(A). In calculating the deadline, Slaven failed to account for the nine months that elapsed on the federal clock before he pursued state post-conviction relief. Contrary to his assumption, the state post-conviction proceedings did not "reset the federal clock." *DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Accordingly, Slaven's petition is untimely and must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, Slaven's habeas petition was filed approximately nine months beyond the deadline. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Slaven to proceed further. Accordingly, the Court declines to issue him a certificate of appealability.

For these reasons, the Court DISMISSES the petition [ECF No. 5] pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and DENIES the petitioner a certificate of appealability.

SO ORDERED.

ENTERED: February 14, 2013

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court